UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE PARKER                                                    CIVIL ACTION

VERSUS                                                             NO. 15-6327

CECILIA MOUTON ET AL.                                              SECTION "H"(2)

## REPORT AND RECOMMENDATION

This Title VII employment discrimination case was filed by plaintiff on November 25, 2015 and automatically referred to a United States Magistrate Judge. Local Rule 73.2 (C). Record Doc. No. 1. More than 120 days have elapsed since the filing of the complaint. Nine defendants were named. The record reflects that service has <u>not</u> been effected upon one defendant, "Joseph Busby, M.D."

The case was placed on my March 23, 2016 call docket and plaintiff's counsel was ordered to show cause why service has not been completed as to defendant Busby. Record Doc. No. 12. In response to the call docket, plaintiff's counsel filed in the record a document indicating that an attempt at service of the summons and complaint upon defendant Busby was "refused." Record Doc. No. 14. The attempted service was apparently by certified mail, an <u>im</u>proper mode of service of an individual defendant. Fed. R. Civ. P. 4(e); La. Code Civ. P. art. 1231. Plaintiff's counsel failed to appear for the March 23, 2016 call docket as ordered, and the record continues to reflect <u>no</u> service upon defendant, "Joseph Busby, M.D."

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days[1] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period (emphasis added).

In this case, more than 120 days have lapsed since the complaint was filed. Although provided with an opportunity to show "good cause" for an extension of this period at the court's March 23, 2016 call docket, plaintiff failed to do so. Thus, the case must be dismissed with<u>out</u> prejudice as to defendant "Joseph Busby, M.D." in accordance with Fed. R. Civ. P. 4(m), <u>see</u> <u>Lambert v. United States</u>, 44 F.3d 296 (5th Cir. 1995), <u>Redding v. Essex Crane Rental Corp. of Alabama</u>, 752 F.2d 1077 (5th Cir. 1985), so that it may proceed against the remaining served defendants.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party

---

[1] Effective December 1, 2015, this time period was reduced from 120 days to 90 days pursuant to the most recent amendment to Fed. R. Civ. P. 4(m). Because the instant lawsuit was filed on November 25, 2015, I apply the old 120-day standard applicable at that time.

has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not timely file written objections to this Report and Recommendation, the complaint of Michelle Parker be dismissed without prejudice for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m) as to defendant "Joseph Busby, M.D." only.

New Orleans, Louisiana, this ___31st___ day of March, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.